■ Frieda Kane, Appellant, v Kathleen McCabe, Respondent.—In a negligence action to recover damages for personal injuries, in which action there was a bifurcated trial on the issues of liability and damages, and in which the jury (1) returned a liability verdict finding plaintiff 65% negligent and defendant 35% negligent and (2) in the damage trial, returned a verdict in favor of plaintiff of "100 percent or $10,000 * * * Unanimous, for $10,000", and in which the trial court then directed that judgment be entered in favor of plaintiff in the amount of $3,500, and denied plaintiff's ensuing motion to set that verdict aside, the appeal is from the judgment of the Supreme Court, Kings County, entered thereon on April 28, 1977 in favor of plaintiff in the amount of only $3,500. Judgment reversed, on the law, and new trial granted limited solely to the issue of damages, with costs to abide the event. In our opinion, the verdict is ambiguous as a matter of law, and the trial court should have acceded to plaintiff's request that the jury be questioned as to what it intended its verdict to mean. Although the wording of the verdict suggests that the jury intended that plaintiff have the full $10,000 and not merely 35% of $10,000, and that it returned the verdict in the fashion it did because it could not calculate the sum that $10,000

would be 35% of, such conclusion necessarily would be merely a well-educated guess and may not be the basis for directing that plaintiff have a net principal recovery of $10,000. We find no merit to respondent's contention that plaintiff's attorney consented to the verdict being for 35% of the $10,000. It is clear that plaintiff's attorney properly registered his objection to the ambiguity in the verdict, made his position clear and then simply agreed that the verdict, as interpreted by the trial court, was sufficient for the entry of a judgment from which plaintiff might appeal. The essential issue being whether the verdict was ambiguous, we find no merit to respondent's contention that the appendix was inadequate. In conclusion, we agree with plaintiff's alternative request for a new trial on the issue of damages only on the ground of the ambiguity of the verdict. Hopkins, J. P., Shapiro, Hawkins and O'Connor, JJ., concur.